# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-922V
(E-Filed: June 17, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| CHARLES W. BROWN, in his capacity as | * | UNPUBLISHED |
| administrator of the Estate of KATHRYN | * | |
| C. BROWN, deceased, | * | |
| | * | |
| Petitioner, | * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Varicella Vaccination; |
| SECRETARY OF HEALTH AND | * | Varicella Zoster Virus, Death; |
| HUMAN SERVICES, | * | Decision; Proffer. |
| | * | |
| Respondent. | * | . |
| * * * * * * * * * * * * * * * | * | |

Andrew W. Hutton, Hutton & Hutton, Wichita, KS, for Petitioner.
Lindsay Corliss, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 22, 2013, Petitioner, Charles W. Brown, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner, as administrator of the Estate of Kathryn C. Brown, alleged that the administration of a varicella vaccination administered on January 16, 2012, caused

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

Kathryn C. Brown to suffer death.[2]

The parties agreed and submitted in a proffer, filed on June 17, 2014, that based on the evidence of record, Petitioner should be awarded $400,000.00.  This amount represents all elements of compensation to which Petitioner would be entitled under 42 U.S.C. §300aa-15(a)(1); 15(a)(3)(B); and 15(a)(4).

The undersigned finds said proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The proffer awards:

A lump sum total of $400,000.00, in the form of a check payable to Petitioner, Charles W. Brown, or to the party authorized by a court of competent jurisdiction to serve as legal representative of the estate of Kathryn C. Brown at the time a payment pursuant to this Proffer is to be made. This amount represents all damages available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Proffer Section II, III.

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
)
CHARLES W. BROWN, in his capacity )
as Administrator of the Estate of )
KATHRYN C. BROWN, deceased, )
)
      Petitioner, )     No. 13-922V   ECF
)
      v. )     Special Master Hamilton-Fieldman
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
      Respondent. )
_____ )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 22, 2013, in his capacity as the administrator of Kathryn Brown's estate,

Charles W. Brown ("petitioner") filed a petition for compensation under the National Childhood

Vaccine Injury Act of 1986, as amended, 42 U.S.C. § 300aa-1 et seq. ("Vaccine Act").  He

alleges that Kathryn C. Brown's January 16, 2012, varicella vaccination resulted in disseminated

varicella zoster virus and ultimately caused her death.  See Petition ("Pet.") at 2.  Petitioner

alleges a theory based on causation-in-fact.   The Secretary of Health and Human Services

("respondent") filed a Vaccine Rule 4(c) Report, conceding that Kathryn's varicella vaccination

caused her disseminated varicella zoster virus and her death.  Respondent hereby submits the

following proffer regarding the award of compensation.  This proffer does not address final

attorneys' fees and litigation costs.  Petitioner is additionally entitled to reasonable attorneys'

fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating

documentation.

## I.      Items of Compensation

### A.      Future Medical Care Expenses

As this is a death case, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

### B.      Lost Future Earnings

Based upon the evidence of record, respondent proffers that petitioner, as Legal Representative of the Estate of Kathryn C. Brown, is not entitled to an award for lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioner agrees.

### C.      Pain and Suffering

Respondent proffers that petitioner, as Legal Representative of the Estate of Kathryn C. Brown, should be awarded $150,000.00 for Kathryn's actual pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### D.      Past Unreimburseable Expenses

Based upon the evidence of record, respondent proffers that petitioner, as Legal Representative of the Estate of Kathryn C. Brown, is not entitled to an award of past unreimbursable expenses stemming from Kathryn's vaccine-related injury, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

### E.      Death Benefit

Respondent proffers that petitioner, as Legal Representative of the Estate of Kathryn C. Brown, is entitled to the $250,000.00 death benefit pursuant to 42 U.S.C. § 300aa-15(a)(2). Petitioner agrees.

F.      Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to Kathryn's vaccine-related injury or death.

**II.     Form of the Award**

The parties recommend that the compensation provided to Charles W. Brown, as Legal Representative of the Estate of Kathryn C. Brown, should be made through lump sum payments and request that the special master's decision and the Court's judgment award the following:

A.      A lump sum payment of $250,000.00, representing compensation for Kathryn's death, pursuant to 42 U.S.C. § 300aa-15(a)(2), made payable to Charles W. Brown, as Legal Representative of the Estate of Kathryn C. Brown; and

B.      A lump sum payment of $150,000.00, which amount represents compensation for all other damages available under 42 U.S.C. § 300aa-15(a), payable to Charles W. Brown, as Legal Representative of the Estate of Kathryn C. Brown.

Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as Legal Representative of Kathryn C. Brown's estate under the laws of the State of Kansas.  No payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing his appointment as Legal Representative of Kathryn C. Brown's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as Legal Representative of the estate of Kathryn C. Brown at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Representative(s) of the estate of Kathryn C. Brown upon submission of written documentation

of such appointment to the Secretary.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid to petitioner Charles W. Brown,
as Legal Representative of the Estate of Kathryn C. Brown:    $ 250,000.00

    B.    Lump sum paid to petitioner Charles W. Brown,
as Legal Representative of the Estate of Kathryn C. Brown:    $ 150,000.00

    **TOTAL AWARD:**    **$ 400,000.00**

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Lindsay Corliss* _____
LINDSAY CORLISS
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-9197

Dated:  June 17, 2014    Fax: (202) 616-4310

4